RESERVE SOLUTIONS, INC., Plaintiff,

v.

Mark VERNAGLIA, Defendant/Third–Party Plaintiff,

v.

Bruce Bent, Bruce Bent II and Arthur Bent, Third–Party Defendants.

No. 05 CIV. 8622.

United States District Court, S.D. New York.

Dec. 26, 2006.

Melvin Arnold Brosterman, Meredith Lee Strauss, Stroock & Stroock & Lavan LLP, New York, NY, for Plaintiff.

Brian David Spector, Spector & Ehrenworth, P.C., Florham Park, NJ, for Defendant/Third-Party Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

Before the Court is the motion of defendant/third-party plaintiff Mark Vernaglia ("Vernaglia") objecting to that portion of Magistrate Judge Ronald L. Ellis's November 2, 2006 Order (the "Order") compelling Vernaglia to produce his 2001 through 2004 personal income tax returns, but denying the request as to Vernaglia's 1993–1999 returns. Plaintiff Reserve Solutions, Inc. ("Reserve"), jointly with the third-party defendants herein (collectively "Reserve"), have filed opposition to Verngalia's motion. Reserve has also cross-moved to object to the portion of Magistrate Judge Ellis's Order denying Reserve's request for production of Vernaglia's tax returns for the years 1993–1999, a period prior to Vernaglia's employment with Reserve. Vernaglia has filed opposition to Reserve's cross-motion. Upon consideration of the papers submitted by the parties in favor and against the respective motions, both requests are denied.

The Court finds that the Order is not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). In view of the theory of the case, Vernaglia's total income and its sources for the years 2001–2004 is central to a resolution the underlying controversy, and his tax returns for those years are very relevant to substantiate issues of material fact in dispute regarding what constituted Vernaglia's proper compensation while associated with Reserve. The Court is not persuaded, however, that Reserve has made a sufficiently compelling case in support of its request for Vernaglia's tax returns for the seven years prior to Vernaglia's business relationship with Reserve. To the extent Reserve may have valid grounds to verify Vernaglia's level of compensation for the period predating his connection with

**544**

Reserve, seven years of tax returns seems excessive. Moreover, less intrusive means may exist to obtain Vernaglia's prior compensation information insofar as relevant and not otherwise available from other sources. For example, an affidavit from a certified public accountant attesting to the gross and adjusted income and major sources reported for a shorter period than seven years, perhaps three years, may suffice for this purpose.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 55) of defendant third-party plaintiff Mark Vernaglia ("Vernaglia") objecting to that portion of the Order of Magistrate Judge Ronald L. Ellis dated November 2, 2006 compelling Vernaglia to produce his 2001–2004 personal income tax returns is DENIED; and it is further

**ORDERED** that the cross-motion of plaintiff Reserve Solutions Inc. ("Reserve") (Docket No. 60) objecting to the portion of the Order denying Reserve's request for Vernaglia's income tax returns for the years 1993–1999 is DENIED.

**SO ORDERED.**